IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| POST MEDIA SYSTEMS LLC<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>　　　　　　Defendant. | Civil Action No. 19-cv-5538<br><br>JURY TRIAL DEMANDED |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on December 9, 2019, by telephone:

    Clifford Chad Henson, representing the Plaintiff
    Betty Chen, representing the Defendant

2. Initial Disclosures. The parties will complete by December 23, 2019 the initial disclosures required by Rule 26(a)(1).

3. Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    (a) The parties agree to a maximum of 25 interrogatories for each party, with initial answers to be provided in good faith and to the extent not objected to within 30 days. The parties agree to provide certified answers to all interrogatories to the extent not objected to no less than 35 days prior to the close of fact discovery.
    (b) The parties agree to a maximum of 50 requests for admission for each party, with initial answers to be provided in good faith and to the extent not objected to within 30 days. Requests to a party to admit to the authenticity of a document produced by that party shall not count against the total requests for admission.
    (c) The parties agree to a maximum of 35 hours of fact deposition for both party and non-party witnesses.
    (d) No more than 7 hours of fact deposition shall be taken of any natural person

        deposed in his or her personal capacity (*i.e.*, not as a designee of an entity under Fed. R. Civ. P. 30(b)(6)). No more than 14 hours of fact deposition shall be taken of any natural person providing deposition testimony in his or her capacity as a designee of an entity under Fed. R. Civ. P. 30(b)(6). Each natural person providing deposition testimony in his or her capacity as a designee of an entity under Fed. R. Civ. P. 30(b)(6) shall simultaneously testify as to information within his or her personal knowledge. The 14-hour limit does not apply in the aggregate to multiple natural persons testifying as designees of an entity under Fed. R. Civ. P. 30(b)(6). No more than 7 hours of fact deposition may be taken of one person in one day without the consent of the deponent. Additional depositions may be taken based on agreement by the parties or by leave of the Court for good cause shown.

    (e)    Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5.    Alternative Discovery Plan. The parties propose a discovery plan that differs from that provided in the Local Patent Rules, for the reasons described with particularity in Exhibit 1 to this Report:

N/A

6.    Other Dates:

    (a)    The parties agree to supplement their disclosures and responses in a timely manner as required under Fed. R. Civ. P. 26(e). Additionally, the parties shall supplement their disclosures and responses (or certify that they have no further information with which to supplement the disclosure or response), for all disclosures, 28 days prior to the close of fact discovery;

    (b)    The parties do not anticipate a need to meet and confer with the Court regarding a scheduling order.

    (c)    A pretrial conference is requested approximately 4 weeks prior to trial, on or about December 3, 2021.

    (d)    The final date for Plaintiff to amend pleadings or join parties shall be four weeks prior to the close of fact discovery, anticipated to be March 2, 2021. Nothing in this provision shall authorize a party to add new patents or additional accused products beyond what would otherwise be permitted under the Federal Rules of Civil Procedure, Local Rules, and Orders of this Court.

    (e)    The final date for Defendant to amend pleadings or join parties shall be three weeks prior to the close of fact discovery, anticipated to be March 16, 2021.

    (f)    The final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be four weeks prior to the pretrial conference, estimated to be November 5, 2021.

    (g)    The final date to file objections under Rule 26(a)(3) shall be two weeks prior to the pretrial conference, estimated to be November 19, 2021.

7. Other Items:

   (a) The parties anticipate a discussion of settlement, but are uncertain as yet regarding the ultimate prospects for settlement.
   (b) The parties are continuing to explore whether early mediation may be helpful to resolution of the dispute.
   (c) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(B) and (C).
   (d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.
   (e) The parties agree the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.
   (f) Each patent-in-suit is eligible to be challenged at the USPTO by Defendant. The challenge may take the form of an *inter partes* review and/or *ex parte* reexamination. The patents-in-suit can currently be challenged at the USPTO. The latest date for such a challenge under 35 U.S.C. § 315(b) is one year from the service of plaintiff's complaint – August 20, 2020. The patents-in-suit have not yet been the subject of prior USPTO reviews. The patents-in-suit have been the subject of prior litigation:

| Litigation | 7,069,310 | 7,472,175 | 8,725,832 | 8,959,181 | Status |
|---|---|---|---|---|---|
| **Post Media Systems LLC v. Apple Inc.**<br>*1:19-cv-05538* (N.D. Ill.) 8/16/19 | x | x | x | x | **open** |
| Post Media Systems LLC v. Google LLC<br>*1:19-cv-05539* (N.D. Ill.) 8/16/19 | x | x | x | x | open |
| Post Media Systems LLC v. Pandora Media, LLC et al<br>*1:19-cv-05540* (N.D. Ill.) 8/16/19 | x | x | x | x | open |
| Post Media Systems LLC v. Natural Cut SAS, et al<br>*1:17-cv-00720* (D. Del.) 6/12/17 | x | x | x | x | closed |
| Post Media Systems LLC v. Deezer S.A., et al<br>*1:17-cv-00719* (D. Del.) 6/12/17 | x | x | x | x | closed |
| Post Media Systems LLC v. Slacker, Inc.<br>*1:17-cv-00718* (D. Del.) 6/12/17 | x | x | x | x | closed |
| Post Media Systems LLC v. Slacker, Inc.<br>*2:17-cv-00252* (E.D. Tex.) 4/3/17 | x | x | x | x | closed |
| Post Media Systems LLC v. DKCM, INC.<br>*2:17-cv-00357* (E.D. Tex.) 4/26/17 | x | x | x | x | closed |
| Post Media Systems LLC v. Deezer S.A. et al<br>*2:17-cv-00356* (E.D. Tex.) 4/26/17 | x | x | x | x | closed |
| Post Media Systems LLC v. Soundcloud Ltd. et al<br>*2:16-cv-01269* (E.D. Tex.) 11/15/16 | x | x | x | x | closed |
| Post Media Systems LLC v. Spotify USA Inc.<br>*2:16-cv-00650* (E.D. Tex.) 6/15/16 | x | x | x | x | closed |
| Post Media Systems LLC v. iHeartMedia, Inc.<br>*2:16-cv-00649* (E.D. Tex.) 6/15/16 | x | x | x |  | closed |

Date: December 11, 2019

*/s/ Chad Henson*
Clifford Chad Henson
1526 Gilpin Avenue, Wilmington, DE  19806
chenson@devlinlawfirm.com
214-728-5365

Date: December 11, 2019

*/s/ Betty Chen*
Betty Chen
500 Arguello St., Suite 500, Redwood City, CA 94063
bchen@fr.com
650-839-5067